UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIECZYSLAWA GUBANSKA,

      Plaintiff,

v.                                       Case No. 05-70805

E & E MANUFACTURING CO.           HONORABLE AVERN COHN

      Defendant.

_____/

**MEMORANDUM AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

This is an employment case under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Plaintiff Mieczyslawa Gubanska (Gubanska) says Defendant E & E Manufacturing Company, Inc. (E & E) violated the FMLA and ERISA when it discharged her while she was on medical leave. Gubanska's First Amended Complaint stated the following claims:

      Count One:        Violations of the FMLA (entitlement claim);

      Count Two:        Retaliation for having exercised FMLA rights;

      Count Three:     Interference with FMLA rights;

      Count Four:       Violation of an ERISA benefits plan.

The Court granted E & E's motion for summary judgment and dismissed the case on May 30, 2006. Gubanska filed a timely motion for reconsideration. Gubanska says the Court erred in granting summary judgment and asks the Court to reverse its dismissal of the case. For the reasons that follow, the motion for reconsideration will be

denied.

## II. Background.

### A.

The May 30, 2006, Memorandum and Order contains a complete statement of the facts. A brief summary follows.

Gubanska worked in E & E's assembly department for almost eight years. In March, 2004, Gubanska's physician wrote a note ordering her off work from March 3 through March 22, 2004, but gave no reason for the absence. The physician subsequently explained that Gubanska suffered from back and leg pain. Gubanska's son, who also worked at E & E, gave the note to David Brukoff (Brukoff), an E & E human resources manager. During attempts to confirm the cause of the injury necessitating the absence, E & E says Brukoff received inconsistent medical information that caused him to question whether Gubanska was actually injured. Gubanska says Brukoff and E & E made up this inconsistency. Regardless, Brukoff certified Gubanksa's absence as falling under FMLA leave and began completing paperwork for Gubanska to receive disability insurance benefits.

On or about the time Gubanska went on leave, E & E says Brukoff and Carol Wirth, another human resources employee, heard rumors from Gubanska's co-workers that Gubanska had planned to work and/or was working at her husband's grocery store while on FMLA leave. Gubanska says these rumors either did not exist or lacked sufficient specificity to raise concern.

On March 15, 2004, Brukoff hired an investigator to determine whether

2

Gubanska was working while on leave.  The investigator spent part of two days

observing the grocery store.[1]  On March 16, 2004, the investigator did not see

Gubanska at all.  On March 17, 2004, the investigator saw Gubanska during two

separate trips to the store doing the following: greeting a customer, standing behind the

register, standing behind the confection and meat counter assisting a customer.[2]

Gubanska says that she never worked at the grocery store and that the investigator's

report is vague and open to interpretation as to whether she was working or just

socializing with customers during the brief period the investigator may have seen her.

Gubanska lives above the store.  At his deposition, the investigator says Gubanska was

just talking to a customer and he could not hear her to know what she was talking

about.

On March 19, 2004, after reviewing the investigator's report, Brukoff sent

Gubanska a letter stating: "Based on the information received, it is the company's

determination that you have submitted false information concerning your medical

condition, and ability to work.  Accordingly your employment is hereby terminated,

effective March 19, 2004."  E & E cancelled Gubanska's FMLA leave and disability

benefits upon her termination.

---

[1] The description of the investigator's activities comes from the investigator's
report.

[2] The investigator, posing as a customer, did not observe Gubanska very long.
Whether the investigator knew what Gubanska looked like is disputed.  Brukoff says he
provided the investigative agency with a photograph of Gubanska; the investigator says
he did not have a photograph of her.  When Brukoff terminated Gubanska he did not
know the investigator did not have a picture of her; the report identified Gubanska and
Brukoff had no reason to disbelieve the report.  This does not create a triable issue of
fact.

Gubanska filed suit on March 2, 2005.

### III. Discussion.

### A. Legal Standard.

A motion for reconsideration or rehearing is made under Local Rule 7.1(g)(3). In general, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

### B. Analysis.

### 1. Introduction.

The Court analyzed plaintiff's claim using the burden-shifting analysis typical of employment claims. See Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 315 (6th Cir. 2001).[3] The Court found that Gubanska established a prima facie case of FMLA and ERISA violations due to the timing of her termination. The Court then found that E & E proffered a legitimate reason for its employment decision to terminate Gubanska, thus shifting the burden to Gubanska to show that a genuine issue of material fact existed as to whether the proffered reason was pretextual.

E & E's proffered legitimate basis for discharging Gubanska must have been

_____

[3] Gubanska says the burden-shifting analysis does not apply to her interference and entitlement claims. Gubanska is correct that if she can show she was denied FMLA benefits to which she was entitled, her employer is strictly liable. The question, however, is how the Court determines whether she was entitled to the benefits. If E & E terminated Gubanska lawfully, it did not deny her FMLA benefits to which she was entitled. The burden-shifting analysis helps answer this question.

4

honestly held to be valid and not pretextual.  To be honestly held, E & E must establish its reasonable reliance on the particularized facts that were before it at the time the decision was made.  Smith v. Chrysler Corp., 155 F.3d 799, 806 (6th Cir. 1998).  "[T]he key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action."  Chrysler, 155 F.3d at 807.  An employer's business judgment is not an absolute defense to unlawful discrimination.  Wexler v. White Furniture, Inc., 317 F.3d 564 (6th Cir. 2003).

Pursuant to this legal standard, E & E did not need to show that no disputed question of material fact existed as to the accuracy of Brukoff's reasons for determining that Gubanska was working while on FMLA leave.  Instead, E & E had to show that no disputed question of material fact existed as to Brukoff's "honestly held" belief that Gubanska was working while on FMLA leave.[4]

---

[4] Gubanska says E & E relied on three "enmeshed" reasons for terminating her: inconsistent medical evidence, rumors that she was working, and the investigator's report.  As "enmeshed" reasons, Gubanska says the existence of a disputed issue of material fact as to the reliability of any one of the reasons means E & E's decision was not honestly held, meaning summary judgment should be denied.

Gubanska overstates the impact of the "enmeshed" nature of the reasons. Brukoff considered all three reasons in terminating Gubanska, ultimately relying on the investigator's report.  The investigator's report confirmed Brukoff's suspicions that could have been based on either the medical evidence or the rumors among Gubanska's co-workers.  In other words, Brukoff could have a "honestly held" belief that Gubanska was working as long as he reasonably relied on something that prompted the investigation and resulting report.  For example, despite the so-called inconsistent medical evidence, Brukoff still certified Gubanska for FMLA leave.  This suggests that, absent the rumor, it is possible Brukoff would not have pursued the investigation, but, absent the inconsistent medical evidence, the rumor still might have prompted the investigation. Nobody knows what would have happened and the Court was careful not to speculate. Because the Court does not see a disputed issue of material fact to undercut Brukoff's reasonable reliance on any of the three reasons, however, this disagreement is immaterial to the outcome.

5

## 2.  Discussion.

In granting summary judgment, the Court found that E & E and Brukoff honestly believed that Gubanska was working while on FMLA and had submitted false medical documentation saying she could not work.  The Court held that, while E & E could have done more to confirm Gubanska's activities, it reasonably relied on the information before it when it terminated her.  Gubanska says disputed issues of material fact exist as to each proffered reason for her termination, meaning there was a palpable defect in the Court's grant of summary judgment that would change the outcome.

Gubanska attempts to present evidence creating a disputed issue of material fact as to the inconsistent medical evidence and the rumors.  Gubanska also tries to call into question the clarity of the investigator's report.  In doing so, Gubanska says it was unreasonable for E & E to rely on any of the proffered reasons when it terminated her.

The Court is unpersuaded.  Gubanska continues to insist that the inconsistent medical evidence and the rumors are simply lies Brukoff fabricated to justify the investigation.  Gubanska offers affidavits from people who may have provided Brukoff with the allegedly inconsistent medical evidence, and each person denies having provided the information.  Gubanska also suggests a motive for the sources of the rumors to lie, and says other E & E employees were unaware of the rumors, to question the rumors' reliability.[5]  Finally, Gubanska says other E & E human resources

---

[5] Gubanska says the rumors were unreliable, meaning reliance on them was unreasonable.  Gubanskas says her co-workers resented her, thus causing them to spread the rumors.  Gubanska denies that the rumors existed, then denies Brukoff could have relied on them, and then questions the motives of the people who may have spread the rumors.  Gubanska forgets, however, that the investigator's report confirmed the rumors to Brukoff.  It would have been unreasonable for Brukoff to have terminated

employees testified at deposition that the investigator's report was ambiguous and insufficient to justify her termination, making Brukoff's reliance on it unreasonable.

Summary judgment, however, could never be granted if a plaintiff need only say and produce affidavits that the defendant is lying as to the non-retaliatory reasons for an employment decision.  Essentially Gubanska says Brukoff is lying about his efforts to confirm the reason she needed to miss work and fabricated his contemporaneous note reflecting conflicting information.[6]  The Court cannot make credibility determinations, but denying summary judgment would require that the Court ignore the investigator's report.

Whether certain other people heard or did not hear the rumors does not create a disputed question of material fact as to whether Brukoff heard the rumors, particularly when Wirth also heard the rumors and other employees admit to reporting the rumors.[7]

Finally, just because another person would have demanded more information

_____

Gubanska based on the rumors, but it was reasonable for Brukoff to conduct the investigation based on the rumors.

Also, Brukoff first says Wirth told him about the rumors, and later says he does not remember who first told him about the rumors.  E & E provides affidavits from employees saying they were aware of the rumors.  Regardless of the source, Brukoff says he heard the rumors that were confirmed by the investigator's report.  The Court erred in stating that Brukoff did not specify who he heard the rumors from, but such error is not a palpable defect that would change the outcome of the case.

[6] Brukoff concedes that his signed note about the reason Gubanska was off work that created the inconsistency is not medical evidence.  While the note is insufficient to prove that Gubanska was not injured, it could reasonably contribute to Brukoff's doubt as to Gubanska's actual injury.

[7] Gubanska ignores the affidavits of the employees who heard the rumors.  While the Court considers the evidence in a light most favorable to the non-moving party, it can not ignore evidence supporting E & E's position.

7

after reading the investigator's report does not make Brukoff's decision to rely on the report unreasonable.[8]  In fact, other E & E employees do not disagree with Brukoff's judgment to rely on the report; they simply decline to speculate as to what they would have done. The report concluded that Gubanska appeared to be working at the grocery store.  Though Brukoff could have chosen not to terminate Gubanska, it was not unreasonable for him to do so.

Gubanska says her possible long term injury, and the FMLA and disability benefits associated with an injury, motivated E & E to terminate her.[9]  Gubanska asks the Court to infer that E & E expected her to need more time off.  As of the date of her termination, however, Gubanska only had off work for three more days under her doctor's order.  Gubanska has provided no evidence that she would have needed more time off or that E & E knew of this possibility.[10]

## C.

The Court does not rule that Brukoff and E & E's business judgment is

---

[8] Working at a grocery store requires simple tasks like operating the cash register and answering customers' questions.  It does not make physical demands.  Brukoff's reliance on the report's description of Gubanska's activities, therefore, is more reasonable than had she been accused performing another type of work.

[9] Gubanska also suggests that an increase in steel prices caused E & E to be less profitable, thus motivating it to cut wage costs and decrease the number of people on medical leave.  This generic motivation may strengthen her prima facie case, but it does not affect whether E & E and Brukoff had an honestly held belief that Gubanska was working while on FMLA leave, particularly when there is no evidence that E & E mistreated other employees on FMLA and provided extra benefits to Gubanska's son in the past.

[10] If asked to speculate as to what E & E thought might happen, the Court could just as easily surmise that Gubanska's physician could have allowed her to work with certain restrictions as was done in December, 2003.  The Court can not speculate.

8

reasonable per se.  As stated above, the Court does not defer to business judgment in employment cases.  <u>Wexler</u>, 317 F.3d 564.   However, Gubanska presents the same issues already considered by the Court and has not brought forth any evidence that a palpable defect exists in the Court's decision to grant the motion for summary judgment. Gubanska's motion for reconsideration is DENIED.

      SO ORDERED.

                 s/Avern Cohn_____
                AVERN COHN
                UNITED STATES DISTRICT JUDGE


Dated:  July 28, 2006


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 28, 2006, by electronic and/or ordinary mail.

                 s/Julie Owens_____
                Case Manager, (313) 234-5160